# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: | Bankruptcy Case No.  09-41238 (HJB) |
| DAVID K. BELL and SUSAN J. BELL, | Chapter 7 |
| Debtors. | |

| | |
|---|---|
| DAVID K. BELL, | Adv. Pro. No. 13-04036 (HJB) |
| Plaintiff/Appellant, | |
| v. | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; CITIZENS BANK OF RHODE ISLAND; KEY BANK, N.A.; and UNITED STATES DEPARTMENT OF EDUCATION, | District Court Case No. 15-CV-12301 (NMG) |
| Defendants/Appellees. | |

| | |
|---|---|
| IN RE: | Bankruptcy Case No.  13-41216 |
| ALAN D. BELL, | Chapter 7 |
| Debtor. | |

| | |
|---|---|
| ALAN D. BELL, | Adv. Pro. No. 13-04101 |
| Plaintiff/Appellant, | |
| v. | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, CITIZENS BANK OF RHODE ISLAND, KEY BANK, N.A., and UNITED STATES DEPARTMENT OF EDUCATION, | District Court Case No. 15-CV-12361 (NMG) |
| Defendants/Appellees. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS APPEALS AND STAY BRIEFING SCHEDULE

1887451.doc

Defendants/Appellees, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2007-2 (collectively "NCT") and RBS Citizens N.A. n/k/a Citizens Bank, N.A. ("Citizens") (hereinafter collectively "Appellees"), hereby move this Court pursuant to Bankruptcy Rule 8002(a), for an Order dismissing Plaintiffs/Appellants', David K. Bell and Alan D. Bell's (collectively "Appellants"), appeals of the Bankruptcy Court Judgments filed and entered on May 18, 2015.

## A.   PRELIMINARY STATEMENT

Appellants filed Notices of Appeal of the Bankruptcy Court's Judgment filed and entered on May 18, 2015.  The Notices of Appeal were filed on June 2, 2015, one (1) day after the deadline for filing appeals under Bankruptcy Rule 8002(a).  This Court thus lacks subject matter jurisdiction over the instant appeals.  Accordingly, Appellants' appeals must be dismissed.

## B.   STATEMNT OF RELEVANT FACTS AND PROCEDURAL HISTORY

For the sake of brevity, Appellees incorporate herein the facts and procedural history as set forth in the accompanying Motion with Exhibits.

## C.   ARGUMENT

### POINT I -- APPELLANTS' APPEALS ARE UNTIMELY

The method and time for filing a notice of appeal of a Bankruptcy Court judgment is governed by Bankruptcy Rules 8001(a) and 8002(a).  Rule 8001(a) specifies that an appeal from a judgment of a Bankruptcy Judge to the District Court shall be taken by filing a notice of appeal with the Clerk within the time allowed by Rule 8002.  Rule 8002(a) provides as follows regarding the time constraints for filing an appeal.

Rule 8002.  Time for Filing Notice of Appeal

*(a) Fourteen-Day Period.*  The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order or decree appealed from.  If a timely notice of appeal is

> filed by a party, any other party may file a notice of appeal within
> 14 days of the date on which the first notice of appeal was filed,
> or within the time otherwise prescribed by this rule, whichever
> period last expires.    A notice of appeal filed after the
> announcement of a decision or order but before entry of the
> judgment, order or decree shall be treated as filed after such entry
> and on the day thereof.  If a notice of appeal is mistakenly filed
> with the district court or the bankruptcy appellate panel, the clerk
> of the district court or the clerk of the bankruptcy appellate panel
> shall note thereon the date on which it was received and transmit
> it to the clerk and it shall be deemed filed with the clerk on the
> date so noted. (emphasis added).

The Rule is clear that the time for filing an appeal starts to run from "the entry of a judgment".

In the instant matter, the Bankruptcy Clerk filed and entered judgment in favor of Appellees on May 18, 2015.  Appellants thereupon had fourteen (14) days after May 18, 2015 or by June 1, 2015, to file their notices of appeal.  The Appeals, however, were filed by Appellants on June 2, 2015, one (1) day after the deadline expired.  Therefore, Appellants' appeals are untimely and must be dismissed.

The timeframe for filing an appeal under Rule 8002(a) is mandatory and jurisdictional.  Thus, the failure of a party to timely file an appeal deprives the Court of subject matter jurisdiction to decide the appeal.  *Siemon v. Emigrant Savs. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005); *Emann v. Latture (In re Latture)*, 605 F.3d 830-833 (10th Cir. 2010) (the timing of notice of appeal is a jurisdictional defect barring appellate review of a Bankruptcy Court Order); *In re LBL Sports Center, Inc.*, 684 F.2d 410-412 (6th Cir. 1982) (district court lacks jurisdiction over an appeal from Bankruptcy Court under prior version of Rule 8002(a)).  Significantly, a *pro se* litigant is not excused from the timing requirements to file an appeal.  *Lewis v. McClatchey*, 2008 U.S. District Lexis 74118 at *2(S.D. Ohio 2008) (under prior version of Rule 8002(a)).[1]

Appellants may try to argue that the mailing of their Notices of Appeal on May 30, 2015, was within the fourteen (14) day appeal period and, as such, their appeals should be considered

---

[1] A copy of the *Lewis v. McClatchey* opinion is annexed hereto as **Exhibit "A"**.

timely. This argument has been rejected by the Sixth Circuit. The mailing of the Notice of Appeal within the prescribed period is insufficient as a matter of law to perfect the appeal. The Clerk must receive and file the notice of appeal within the time prescribed for the appeal to be deemed timely. *In re LBL Sports Center, Inc.*, 684 F.2d at 413 (citing authorities).

Rule 8002(c)(2) allows an appellant to file a motion seeking an extension of the time to file a notice of appeal provided he does so within the fourteen (14) days prescribed in section (a). Appellants did not file such a motion before the appeal period expired in this case.

Rule 8002(c)(2) also allows a party to file a notice of appeal after the deadline provided he does so within twenty-one (21) days after the deadline upon a showing of excusable neglect. This subsection is likewise not applicable herein as Appellants have not filed such a motion in this case.

The record is clear herein that Appellants did not timely file their notices of appeal by the June 1, 2015 deadline. As such, this Court does not have subject matter jurisdiction to consider the instant appeals. Appellants appeals must, therefore, be dismissed with prejudice.

**D.      <u>CONCLUSION</u>**

Based upon the foregoing, Defendants/Appellees, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2007-2 and RBS Citizens N.A. n/k/a Citizens Bank, N.A., hereby request that Appellants appeals be dismissed in their entirety, with prejudice.

Dated:  June 23, 2015

s/*Richard C. Maider*
Richard C. Maider, Esq. (BBO #555068)
DEILY & GLASTETTER, LLP
*Attorneys for Defendants  National Collegiate Student*
*Loan Trust 2006-1, National Collegiate Student Loan*
*Trust 2007-2 and RBS Citizens, NA*
8 Thurlow Terrace
Albany, New York 12203
Tel.  (518) 436-0344
Fax  (518) 436-8273
Email: rmaider@deilylawfirm.com
