United States District Court
District of Massachusetts

```
_____
                                   )
DAVID K. BELL,                     )
                                   )
        Appellant,                 )
                                   )
        v.                         )
                                   )   Civil Action No.
NATIONAL COLLEGIATE STUDENT LOAN   )   15-12301-NMG
TRUST 2006-1, NATIONAL             )
COLLEGIATE STUDENT LOAN TRUST      )
2007-2 and RBS Citizens N.A.       )
n/k/a Citizens Bank, N.A.,         )
                                   )
        Appellees.                 )
                                   )
_____
                                   )
ALAN D. BELL,                      )
                                   )
        Appellant,                 )
                                   )
        v.                         )
                                   )   Civil Action No.
NATIONAL COLLEGIATE STUDENT LOAN   )   15-12361-NMG
TRUST 2006-1, NATIONAL             )
COLLEGIATE STUDENT LOAN TRUST      )
2007-2 and RBS Citizens N.A.       )
n/k/a Citizens Bank, N.A.,         )
                                   )
        Appellees.                 )
                                   )
_____
```

MEMORANDUM & ORDER

GORTON, J.

David K. Bell and Alan D. Bell (collectively "appellants") individually appealed the judgments entered in the United States Bankruptcy Court for the District of Massachusetts ("the Bankruptcy Court") in favor of National Collegiate Student Loan

-1-

Trust 2006-1, National Collegiate Student Loan Trust 2007-2 and RBS Citizens N.A. n/k/a Citizens Bank, N.A. (collectively "appellees").

Pending before the court are two motions to dismiss the appeals as untimely by the appellees. For the reasons that follow, both motions will be allowed.

## I. Background and Procedural History

David K. Bell and Alan D. Bell, father and son, commenced adversary proceedings pro se against appellees in Bankruptcy Court in June, 2013 and November, 2013, respectively, seeking a discharge of student loans. In April, 2015, the Bankruptcy Court consolidated the two proceedings for the purposes of trial. After the conclusion of trial, that Court dismissed appellants' claims in their entirety and issued judgments in favor of appellees on May 18, 2015. Appellants filed their notices of appeal on June 2, 2015, 15 days after the Bankruptcy Court issued its judgments.

## II. Appellees' Motions to Dismiss

Rule 8002 of the Federal Rules of Bankruptcy Procedure provides that

> a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.

Fed. R. Bankr. P. 8002(a)(1). That deadline may be extended upon a party's motion to the bankruptcy court either within the

14-day period or within 21 days after the end of that period "if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).

> Compliance with those requirements
>
> is both mandatory and jurisdictional. Untimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order.

In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985) (citations omitted).

Here, appellants filed their notices of appeal one day after the June 1, 2015 deadline to appeal.  They contend that their notices of appeal were mailed out in good faith prior to the deadline but that there was an unexpected delay in transit. That argument has been dismissed, however, by other courts. See, e.g., Clark v. DeRosa, No. 13-CV-3451, 2013 WL 4851711, at *1 n. 2 (E.D.N.Y. Sept. 10, 2013) (noting that it was not enough for the notice of appeal to be timely dated because "the language of Rule 8002(a) makes clear that the notice of appeal must be filed with the clerk within 14 days of the date of the entry of the judgment" (emphasis in the original)).

Although the transit delay easily could have been deemed "excusable neglect," appellants failed to move to extend the deadline within 21 days of the Bankruptcy Court's judgment. Appellants allege that they were unaware of that rule. Unfortunately, ignorance of the applicable procedural rules

cannot save the appellants' cases. See In re Guaranteed Better Sales Mktg., Inc., 870 F.2d 654 (4th Cir. 1989) ("Misinterpretation or ignorance of the applicable time limits even by pro se litigants does not constitute excusable neglect.").

The Court therefore lacks jurisdiction over the pending appeals. See Walkup v. Carpenter, 16 F.3d 401, 1994 WL 19949 (1st Cir. 1994) (unpublished) (vacating district court's order affirming a decision of the bankruptcy court because "the untimely notice of appeal deprived the district court of jurisdiction to review the bankruptcy court order"). Accordingly, the motions to dismiss by appellees (Docket Nos. 6 in 15-cv-12301 and 15-cv-12361) are **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 10, 2015